```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ELVIS SEMPRIT,                      :    15 Civ. 09932 (PAE) (JCF)
                                    :
                  Plaintiff,        :        REPORT AND
                                    :        RECOMMENDATION
      - against -                   :
                                    :
CITY OF NEW YORK; JOSEPH PONTE,     :
COMMISSIONER,                       :
                                    :
                  Defendants.       :
- - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

Elvis Semprit, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York (the "City") and Joseph Ponte, the Commissioner of the Department of Correction ("DOC"). Mr. Semprit alleges that his constitutional rights were violated when the mattress he was issued while detained at the Anna M. Kross Center ("AMKC") at Rikers Island was too thin, causing him to suffer from neck pain, upper back pain, lower back pain, hip pain, stress, and mental anguish from lack of sleep. After reviewing his initial complaint, I ordered Mr. Semprit to file an amended complaint by March 7, 2016, to address legal deficiencies in his pleadings. (Order dated Jan. 6, 2016 ("1/6/16 Order") at 9). Because Mr. Semprit has failed to amend his complaint, and because that complaint fails to state a claim upon which relief may be granted, I recommend that this action be dismissed with prejudice.

1

Background

Mr. Semprit alleges that the "gym mat" provided to him to use as a mattress at AMKC caused him to suffer from neck pain, upper back pain, lower back pain, hip pain, stress, and emotional distress from lack of sleep. (Complaint at 4).[1] He states that the label on the mattress indicates that it should not be used with a foundation, yet it is currently used on a metal bed frame. (Complaint at 4). Mr. Semprit filed several grievances with the DOC, alleging that the mattress caused him to feel excruciating pain in his shoulder, neck, upper back, and lower back and requesting that he be given either a second mattress or a different one. (See Complaint at 7-8 (Inmate Grievance and Request Program Statement forms dated Aug. 10, 2015, and Dec. 2, 2015)). In response, Mr. Semprit was told that his claim was non-grievable. (Complaint at 9-10 (Inmate Grievance and Request Program Disposition form dated Dec. 7, 2015)).

Mr. Semprit commenced this action on December 18, 2015. I subsequently ordered that he file an amended complaint that, "[t]o the greatest extent possible":

> a) give[s] the names and titles of all relevant persons;

---

[1] Citations to the Complaint reflect the page numbers assigned by the court's Case Management/Electronic Case Filing system.

>   b) describe[s] all relevant events, stating the facts that support Plaintiff's case, including what each defendant has done or has failed to do;
>
>   c) give[s] the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
>   d) give[s] the location where each relevant event occurred;
>
>   e) describe[s] how each defendant's acts or omissions violated Plaintiff's rights and describe[s] the injuries Plaintiff suffered; and
>
>   f) state[s] what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

(1/6/16 Order at 6). I noted that failure to comply within sixty days would result in my recommendation that his action be dismissed. (1/6/16 Order at 6-7). The plaintiff did not respond.

Discussion

   A.   Standard of Review

The Court must dismiss a complaint "in which a prisoner seeks redress from a governmental entity[,] or officer or employee of a governmental entity," that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). In considering whether a complaint fails to state a claim, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v.

3

Pardus, 551 U.S. 89, 94 (2007) (per curiam); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. Id. The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Erickson, 551 U.S. at 94; see also McKeown v. New York State Commission on Judicial Conduct, 377 F. App'x 121, 122 (2d Cir. 2010). In fact, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir.

2006)).  Even after the Supreme Court imposed heightened pleading standards for all complaints in Twombly and Iqbal, pro se complaints are to be liberally construed.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.  See Rahman v. Schriro, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

To state a conditions-of-confinement claim under § 1983,[2] an inmate must allege (1) that an official's act or omission caused "a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety."  See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  "Although the Constitution does not require 'comfortable' prison conditions, the conditions

---

[2] It appears that during the relevant time period Mr. Semprit was detained while awaiting trial.  Courts analyze pretrial detainees' constitutional claims under the due process clause of the Fourteenth Amendment to the Constitution, rather than the Eighth Amendment.  Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).  However, where the plaintiff, as here, alleges that the defendants have acted with deliberate indifference in perpetuating an unconstitutional condition of confinement, the analysis under the Fourteenth Amendment is the same as under the Eighth Amendment.  See id. at 72.

5

of confinement may not 'involve the wanton and unnecessary infliction of pain.'" Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)).

In Howard v. City of New York, No. 12 Civ. 4069, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013), the court held that, to state a conditions-of-confinement claim based on circumstances such as those raised in the present complaint, the plaintiff must allege: (1) that he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made his condition known to the jail officials; (3) he requested a special bed to accommodate his medical condition; and (4) his request was denied by an official who know of an disregarded an excessive risk to the plaintiff's health or safety. Id. at *2. Where the plaintiff does not allege a pre-existing condition, he may still state a claim by alleging that his "medical condition was itself created by an inadequate bed or mattress and that an official who became aware of the situation failed to remedy it." Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013).

B. Application

1. Conditions of Confinement

Under the Eighth Amendment, officials may not "create inhumane prison conditions, deprive inmates of basic

6

necessities, or fail to protect their health or safety." Overton v. Bazzetta, 539 U.S. 126, 137 (2003). "Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim." Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999). Therefore, to satisfy the objective element, a plaintiff must show that the condition complained of "violate[d] contemporary standards of decency." Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002). Under the subjective prong, the official who caused the deprivation must have acted despite awareness of "a substantial risk of serious harm"; that is, the official must have known of and disregarded an excessive risk to the plaintiff's health or safety. Blyden, 186 F.3d at 262 (quoting Farmer, 511 U.S. at 842).

Mr. Semprit's challenges to the comfortableness of his mattress fail to make out a plausible condition of confinement claim. Courts have repeatedly found complaints of substandard bedding, without more, insufficient to satisfy the objective prong of the Eighth Amendment, see, e.g., Smith v. Woods, No. 9:03-CV-480, 2006 WL 1133247, at *13 (N.D.N.Y. April 24, 2006) (holding that prisoners do not have a constitutional right to comfortable beds), requiring instead a plaintiff to allege that he has a medical condition necessitating a special bed or that the bedding itself poses an excessive risk to his health, see,

7

e.g., Youmans, 2013 WL 6284422, at *5; Boyd v. City of New York, No. 12 Civ. 3385, 2012 WL 5914007, at *3 (S.D.N.Y. Sept. 18, 2012) (finding allegations that "too[-]short" and "too[-]thin" beds caused "hardship in sleeping," difficulty "sit[ting] in cells," and exacerbation of undescribed "injuries" failed to satisfy Eighth Amendment objective prong where there was "no suggestion that the conditions pose[d] an unreasonable risk of serious damage to health or endanger[ed] the plaintiffs' reasonable safety" (first, second, and third alterations in original)), report and recommendation adopted in relevant part, 2013 WL 452313 (S.D.N.Y. Feb. 6, 2013).  Although the Second Circuit recently suggested that inadequate bedding may, in some circumstances, satisfy the objective prong of the conditions-of-confinement test because "sleep is critical to human existence," it reiterated that the alleged deficiencies must cause or threaten sufficiently serious harm.  Walker, 717 F.3d at 126-27.  Although the plaintiff here claims sleep deprivation (Complaint at 4), he provides no facts to suggest that this deprivation was sufficiently serious to amount to a constitutional violation.  See Youmans, 2013 WL 6284422, at *5 n.3.

Further, Mr. Semprit does not allege "the factual detail necessary to state a claim that he suffered injuries as a result of the bed[]."  DelaCruz v. City of New York, No. 15 Civ. 3030, 2015 WL 2399346, at *2 (S.D.N.Y. May 19, 2015) (dismissing claim

where plaintiff failed to "indicate how the prison bedding has caused or exacerbated his claimed injuries"). The plaintiff's conclusory assertions that he suffered "excruciating pain" as a result of his uncomfortable mattress (Complaint at 3) fall short of the minimum pleading requirements. See Howard v. City of New York, No. 12 Civ. 4069, 2012 WL 7050623, at *4 (S.D.N.Y. Dec. 20, 2012) (finding assertions that lack of pillows and properly sized beds caused "pain in lower back and neck and legs," "emotional distress," and "[e]xacerbation of prior injuries," without more information, lacked detail necessary to plausibly allege causal connection (alteration in original)), report and recommendation adopted in relevant part, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013). Further, the warning on the mattress, to the effect that the mattress is to be used without a foundation, relates to fire safety, not to chiropractic health. Id. at *6.

Finally, the plaintiff has failed to plead facts sufficient to satisfy the subjective prong. There is no allegation that Mr. Semprit informed any prison official of a pre-existing medical condition or that any official with knowledge of his condition disregarded an excessive risk to the plaintiff's health or safety. See Farmer, 511 U.S. at 837; see also Britton v. Connecticut, No. 3:14-CV-133, 2016 WL 308774, at *9 (D. Conn. Jan. 25, 2016) (concluding subjective element not satisfied

where plaintiff alleged he complained generally but did not "specifically allege that he complained of any symptoms to any of the Defendants" (emphasis omitted)); Adekoya v. Holder, 751 F. Supp. 2d 688, 697 (S.D.N.Y. 2010) (finding subjective prong not satisfied by conclusory assertions that defendants were aware of plaintiff's medical needs and failed to provide him adequate care). Further, the complaint does not identify any official who, by act or omission, exhibited "deliberate indifference" to the plaintiff's wellbeing. See Greene v. City of New York, No. 14 Civ. 3896, 2014 WL 5862008, at *2 (S.D.N.Y. Nov. 11, 2014) (dismissing complaint that "[did] not explain the role that each [individually-named] defendant played in the allegedly unlawful conduct"); Mastroianni v. Reilly, 602 F. Supp. 2d 425, 433 (E.D.N.Y. 2009) ("The subjective prong of the two step analysis requires personal involvement of the prison official . . . ."); see also Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) (a defendant cannot be said to have been deliberately indifferent unless he "act[ed] with a sufficiently culpable state of mind"). Accordingly, because the complaint satisfies neither the objective nor the subjective prongs of a conditions-of-confinement claim, I recommend that the defendants' motion to dismiss be granted.

    2.   Personal Involvement

    Even if Mr. Semprit did state a claim for violation of a

10

constitutional right, his claims against Commissioner Ponte, the only individual defendant he names, must fail. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. New York State Department of Correctional Services, 719 F.3d 127, 135 (2d Cir. 2013) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Merely listing defendants in the complaint is insufficient to show personal involvement. Blackson v. City of New York, No. 14 Civ. 452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims against warden and correction officers where plaintiff "ma[de] no specific allegations" about those individuals "apart from naming them as Defendants"); Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 435 (S.D.N.Y. 2004) (dismissing claim against individual defendant not mentioned in body of complaint). Mr. Semprit nowhere describes how Commissioner Ponte participated in the purported violation of his rights. I therefore recommend dismissal of the plaintiff's claims against defendant Ponte.

      3.    Municipal Liability

Similarly, the complaint fails to state a claim against the City. To state a § 1983 claim against a municipality, the plaintiff must allege (1) the existence of a municipal policy, custom, or practice and (2) that the policy, custom, or practice caused the alleged violation of the plaintiff's constitutional

11

rights. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). The plaintiff's complaint fails to satisfy both prongs.

No plausible inference can be drawn from the complaint that the harm complained of was the product of a municipal policy or due to actions by individuals whose "acts may fairly be said to represent official policy." Montgomery v. City of New York, No. 09 Civ. 6145, 2011 WL 1770849, at *2 (S.D.N.Y. May 9, 2011) (quoting Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)). The complaint does not allege the existence of any policies, customs, or practices mandating that inmates be given inadequate mattresses. Moreover, because Mr. Semprit's allegations with respect to an uncomfortable mattress fail to articulate a constitutional violation, they cannot serve as the predicate for a claim of municipal liability. See Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (stating that claimed policy must have caused a constitutional violation); see also Rankel v. Town of Somers, 999 F. Supp. 2d 527, 550 (S.D.N.Y. 2014) ("Absent an underlying constitutional violation, a Monell claim cannot lie."). Thus, the plaintiff's claim against the City should be dismissed.

C. Opportunity to Amend

While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Chavis v.

Chappius, 618 F.3d 162, 170 (2d Cir. 2010)); see also McGee v. Pallito, No. 10-CV-11, 2014 WL 360289, at *12 (D. Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once"), here the Court has already granted the plaintiff leave to amend and provided him with guidance for stating a cause of action. Because the plaintiff failed to amend his pleadings, I recommend that his complaint be dismissed with prejudice. See Ndremizara v. Swiss Re America Holding Corp., 93 F. Supp. 3d 301, 318-19 (S.D.N.Y. 2015); Terio v. Michaud, No. 10 Civ. 4276, 2011 WL 2610586, at *2-3 (S.D.N.Y. June 15, 2011).

Conclusion

For the reasons discussed above, I recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude

appellate review.

                           Respectfully submitted,

                           */s/ James C. Francis IV*
                           JAMES C. FRANCIS IV
                           UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
            August 5, 2016

Copies mailed this date to:

Elvis Semprit
8951500778
Anna M. Kross Center
18-18 Hazen St.
East Elmhurst, NY 11370

14